# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**EDITH CAROLYN FRYAR; HENRY E. GIPSON; DAVID SMITH; THOMAS W. LACY; WAYNE JUMPER; and OPERATORS INVESTMENT GROUP**                                      **APPELLANTS**

**V.**                                                                         **NO. 3:18-CV-51-DMB**

**HENRY J. APPLEWHITE, Trustee; and**
**DAVE W. ASBACH, Acting U.S. Trustee**                                        **APPELLEES**

## ORDER

On March 16, 2018, Appellants filed a "Motion to Consolidate Appeals."[1]  Doc. #6.  As grounds for the relief sought, Appellants represent in the motion:

> Appellants have appealed Orders from the United States Bankruptcy Court for the Northern District of Mississippi in the above two Chapter 7 cases.
>
> The Orders appealed from, and the Bankruptcy Court's decision therein, arise out of the exact same set of operative facts.  There are not only common facts involved, the facts in connection with both of the Appeals are exactly the same.
>
> Moreover, the statutory and case law applicable to the Bankruptcy Court's decision, and to this Appeal, applies equally to the Appeals in both Appeals.
>
> A decision in one Appeal should control the outcome of the other Appeal.

*Id*. at 1–2 (paragraph numbering omitted).  Including in the motion's caption the caption information in No. 3:18-cv-50, Appellants state, "Accordingly, in the interest of justice and judicial economy, Appellants move the Court for an Order consolidating the above styled and numbered Appeals that are pending in this Court 'into' Civil Action No. 0050 so that the Appeals are consolidated into one Appeal."  *Id*. at 2.  No response to the motion was filed.

---

[1] This bankruptcy appeal was initially assigned to United States District Judge Neal B. Biggers, Jr., but was reassigned to the undersigned district judge on June 12, 2018.  Doc. #161.

Though not mentioned by Appellants in the motion,[2] Rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedure provides that "[w]hen parties have separately filed timely notices of appeal, the district court … may join or consolidate the appeals." Whether to consolidate separately-filed bankruptcy appeals is left to the Court's discretion. *See In re Monge*, 700 Fed. App'x 354, 355 (5th Cir. 2017) ("The district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the two lawsuits …."); *In re Cannonsburg Envtl. Assocs., Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) ("[T]he district court did not abuse its discretion by consolidating the two appeals.").

Here, Appellants have provided only conclusory statements in support of the consolidation they seek. Significantly, Appellants fail to describe or explain the operative facts underlying the Bankruptcy Court's orders appealed, what common facts are involved in the appeals, or how or why the decision in one appeal should control the other appeal's outcome. Appellants also fail to specify the "statutory and case law applicable," as referenced in the motion, and expound on why such warrants consolidation. Under these circumstances, Appellants have not stated sufficient grounds for consolidation; thus, their motion to consolidate [6] is **DENIED**. Appellants, however, shall file within fourteen (14) days of this order a renewed motion to consolidate setting forth in detail the reasons supporting consolidation of the bankruptcy appeals in No. 3:18-cv-50 and No. 3:18-cv-51.

**SO ORDERED**, this 26th day of July, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Appellants cite no authority in support of this motion.